**Peter WONG, Respondent,**

**Catherine Wong, Plaintiff,**

**v.**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corp., Appellant.**

**No. C7–96–2200.**

Court of Appeals of Minnesota.

May 13, 1997.

Review Granted July 10, 1997.

---

Steven D. Emmings, John W. Carey, Sieben, Grose, Von Holtum, McCoy & Carey, Fairfax, for Respondent.

Katherine A. McBride, William M. Hart, Meagher & Geer, P.L.L.P., Minneapolis, Bradley D. Lance, Taylor, Harrington, Rerat, Lance & Stofferahn, Maple Grove, for Appellant.

Considered and decided by DAVIES, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

DAVIES, Judge.

American Family Insurance Company appeals a district court's denial of judgment notwithstanding the verdict or, in the alternative, a new trial. We affirm.

## FACTS

Respondent Peter Wong was injured in a one-car accident in April 1991 when his car hit a deer lying on the highway. The accident occurred between 10 p.m. and 11 p.m., approximately 10 miles from Grand Rapids. Wong recalls traveling on the highway that evening but has no memory of the accident. Wong's automobile insurance policy with appellant American Family Insurance Company provided for uninsured motorist coverage, stating:

> We will pay compensatory damages for bodily injury to an insured person who is legally entitled to recover from the owner or operator of an uninsured motor vehicle.

Wong sued American Family, seeking to recover under this uninsured motorist clause. He claimed that an unidentified motorist hit the deer and left it on the highway, violating a littering statute. The trial court denied American Family's motion for summary judgment. After a two-day trial, a jury determined that an unidentified motorist was 55 percent responsible for Wong's injuries, having left the dead or mortally injured deer on the highway. American Family was held financially responsible under Wong's uninsured motorist clause for this motorist's negligence. American Family moved for judgment notwithstanding the verdict or, alternatively, a new trial. The trial court denied the motions and this appeal followed.

## ISSUES

I. Does Minn.Stat. § 169.42, subds. 1 and 2 (1996), impose on a motorist whose vehicle has struck an animal a duty to remove the animal or cause it to be removed from the road when the animal constitutes a road hazard?

II. Did the trial court err in its jury instructions on the issue of negligence per se?

III. Was there evidence supporting the verdict?

## ANALYSIS

### I. Duty Under Minn.Stat. § 169.42

■ American Family alleges that Minn. Stat. § 169.42, subds. 1 and 2 (1996), does not create a legal duty for the unidentified motorist to remove the deer from the road, and thus it was entitled to judgment notwithstanding the verdict. We conduct de novo review of the denial of a motion for judgment notwithstanding the verdict based on alleged errors of law. *Diesen v. Hessburg,* 455 N.W.2d 446, 449 (Minn.1990).

■ The statute reads:

Subdivision 1. * * * No person shall throw, deposit, place, or dump, or cause to be thrown, deposited, placed or dumped upon any street or highway or upon any public or privately owned land adjacent thereto without the owner's consent any * * * carcass of any dead animal, offal * * * or any other form of offensive matter or any other substance likely to injure any person, animal or vehicle upon any such street or highway.

Subd. 2. * * * Any person who drops, or permits to be dropped or thrown, upon any highway any of the material specified in subdivision 1, shall immediately remove the same or cause it to be removed.

Minn.Stat. § 169.42, subds. 1, 2 (1996).

■ American Family argues that the unidentified motorist here had no duty to remove the deer because another statute, Minn.Stat. § 97A.502 (1996), specifically provides for removal of dead animals, not by drivers, but by the road authority. American Family interprets this provision as precluding any legal duty of motorists to remove animals they have hit and killed or injured. American Family argues that the two statutes conflict, and therefore the more specific of the two must be applied. *See* Minn.Stat. § 645.26, subd. 1 (1996) (where conflict between general and special provisions is irreconcilable, special provision shall prevail). These statutes are, however, not in conflict. The fact that Minn.Stat. § 97A.502 specifies

that the road authority is to remove dead animals from the highways does not relieve a motorist of a duty to *notify* the road authority that a dead or dying animal is in the road. Minn.Stat. § 169.42, subd. 2, requires the motorist to "remove * * * or cause * * * to be removed" any animal struck and immobilized in the road. The statute does not require the motorist to physically remove the animal himself; it makes available the (often safer) alternative of calling the road authority for removal of the hazard. American Family presents many scenarios regarding the plight of the weak and infirm if required to remove dead or injured animals from the road, but these arguments are premised on a duty beyond the scope of that provided for in the statute.

American Family also argues, by supplying various definitions and interpretations of the words "carcass," "garbage," and "refuse," that the trial court failed to apply the plain meaning of Minn.Stat. § 169.42, subds. 1 and 2. This argument is unfounded. The trial court properly applied the plain meaning of the statute by ruling that a dead or mortally injured deer lying on the highway falls within the plain meaning of the phrase "carcass of any dead animal." All of the other definitions discussed by American Family are irrelevant.

### II. Jury Instructions

■ American Family claims that the trial court incorrectly instructed the jury that if it found that the unidentified motorist had violated Minn.Stat. § 169.42, subds. 1 and 2, then that motorist was negligent as a matter of law (negligent per se). Where instructions fairly and correctly state the applicable law, an appellate court will not grant a new trial. *Alevizos v. Metropolitan Airports Comm'n,* 452 N.W.2d 492, 501 (Minn. App.1990), *review denied* (Minn. May 11, 1990).

It is well settled that breach of a statute gives rise to negligence per se if the persons harmed by that violation are within the intended protection of the statute and the harm suffered is of the type the legislation was intended to prevent.

*Pacific Indem. Co. v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548, 558 (Minn.1977). American Family argues that the harm suffered by Wong was not of the type the legislature intended to protect against. We disagree.

In this case, an unidentified motorist hit an animal and failed to have it removed from the road. The statute was designed to prevent conditions dangerous to other motorists on the highway. Wong is precisely the type of individual the legislature intended to protect, for he suffered injury from hitting a deer that was not removed after being hit. Therefore, we conclude that the trial court properly instructed the jury on this point.

### III. Sufficiency of the Evidence

█ American Family contends that it is entitled to judgment notwithstanding the verdict because there was no competent evidence to support the theory that an unidentified motorist existed. We disagree.

> In reviewing the facts in a case where a motion for judgment notwithstanding the verdict has been denied, we must affirm if there is any competent evidence reasonably tending to sustain the verdict.

*Rettman v. City of Litchfield,* 354 N.W.2d 426, 429 (Minn.1984). Here, there was such evidence.

The trooper who arrived at the scene of the accident testified that he believed, based on his expertise as an accident investigator and reconstructionist, that the deer had recently been hit by another motorist. Supporting his conclusions were the facts that there were tire skid marks just inches from where Wong hit the deer and the deer was lying in the road when Wong hit it. The question of whether the trooper's assessment was correct was for the jury to decide. The jury determined that the deer had, in fact, been hit by another motorist. A jury determination will be overturned "only if no reasonable mind could find as the jury did." *Reedon of Faribault, Inc. v. Fidelity & Guar. Ins. Underwriters, Inc.,* 418 N.W.2d 488, 491 (Minn.1988). We conclude that reasonable minds could have found that an unidentified motorist hit the deer before Wong did.

### DECISION

The trial court properly applied Minn.Stat. § 169.42, subds. 1 and 2, to the facts of this case, properly instructed the jury as to the issue of negligence per se, and properly denied American Family's motion for judgment notwithstanding the verdict based on alleged insufficiency of the evidence.

**Affirmed.**